FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1. Jurisdiction is asserted pursuant to (CHECK ONE)

✓ 42 U.S.C. § 1983 (applies to state prisoners)

___ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

______________________________

2. Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a. Parties to previous lawsuit:

Plaintiff(s): Philip Nery

U.S. District Court Camden Robert B. Kugler

Defendant(s): NJ State Parole et al

03722

b. Court and docket number: Cv-3:14 03722-RBK-AMD

c. Grounds for dismissal: ( ) frivolous ( ) malicious (X) failure to state a claim upon which relief may be granted

FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT

d. Approximate date of filing lawsuit: 10/12

e. Approximate date of disposition: 12/14

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3. Place of Present Confinement? Craf / Southwoods ST. P.

4. Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

a. Name of plaintiff: Philip Neri Doug Cook Paul Colon

Address: Craf P.O. Box 7450 West Trenton NJ 08628
Mr. Colon: Southwoods Prison 215 S Burlington RD Bridgeton NJ 08302

Inmate #: Neri 895689C Cook 618486C Colon ?

b. First defendant – name: James Plousis

Official position: Chairman Parole

Place of employment: Central Parole headquarters Trenton NJ

How is this person involved in the case?
(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

He purposely Drafted or allowed and approved the Drafting of a P.S.L social network special Condition So vague and ambiguous, that it allows parole officers Arbitrary Enforcement and arrests, and violates our 5th and 14th Amendment Due process rights as well as 1st Amendment Protection

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

c. Second defendant – name: DaviD thomas

Official position: Parole President

Place of employment: Parole Central head quarters Trenton NJ

How is this person involved in the case?
(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

He allowed his SuBordinates to make the Social Network S.C. So vague it violates our Due process rights under Void For Vagueness or Vagueness doctrine, and 1st/Amendment protection-

d. If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

5. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

✓ Yes ___ No

If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

We have written ad nauseum to the ABove mention Defendants Quoting the Code of Professional Conduct and Case law of Void For vagueness or vagueness doctrine, requesting reinstatement, But received No letters or any sort of response whatsoever.

If your answer is "No," briefly explain why administrative remedies were not exhausted.

FORM TO BE USED BY A PRISONER IN FILING A
CIVIL RIGHTS COMPLAINT

6. Statement of Claims

(State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

all 3 Plaintiffs have had their parole revoked For having So-Called Banned "Social Network" sites.

this vague and ambigious Special Condition violates our 5th and 14th Amendment Due Process Protection Because

(1) there is NO Definition of what Defines Social Networking

(2) Other than My Space, Face Book, Twitter and dating sites there is NO Comprehensive list of Banned Social Network sites.

(A) as the Plaintiffs Due process rights require Parole to give adequate guidance to those (Plaintiffs) who would be lawabiding citizens, Before they do anything.

the key Due Process term here is Before

Because the Plaintiffs want to Follow the Parole Conditions and Social Network S.C. We insist that Conditions give a person of ordinary intelligence a reasonable opportunity to know what is Not allowed, So he may act accordingly The Parole vague Social Network condition traps the innocent By not providing Fair warning. The Defendants allowed this vague Special Condition To Be written as such so that arBitrary and discriminatory enforcement Can Be allowed.



please See attached

7. Relief

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

(1) Immediate removal Expunged Parole records reinstated

(2) Social Network Special Condition Struck Down as unconstitutional on its Face.

(3) Sum of $750,000.00 to be split Between the Plaintiff's For multiple Damages includin loss of wages pain and suffering, emotional torture.

8. Do you request a jury or non-jury trial? (Check only one)

( ) Jury Trial (X) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 16 day of April, 2015

[signature]

[signature]
Paul Coleman

Signature of plaintiff[1]

Douglas S Cook

[1] EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT.

C.R.A.F. – PHILIP G. NERI
C.R.A.F. – DOUGLAS S. COOK (or) 1842 YORKTOWNE BLVD.
TOMS RIVER, NJ 08753
C.R.A.F PAUL COLON 215 SOUTH BURLINGTON ROAD, BRIDGTON, NJ 08302

C.R.A.F. PO BOX 7450, WEST TRENTON, NJ 08628

April 22
~~February 16~~, 2015

Dear Court Clerk:

We the three Plaintiffs, Philip Neri, Douglas Cook and Paul Colon are requesting Emergent Relief and hope we get approved for Informal Pauperis as quickly as possible as our constitutional rights are being totally violated.

I, Philip Neri wish to be charged for the informa Paupers, I have the official signature of Business Manager Robert Biluk along with 6 month inmate statement.

Upon review and filing of our Constitutionally backed Civil Claim, we request assignment of a Competitor Attorney to aid and assist our cause for Justice.

We request upon filing and dockets of our Motion United States Marshall's Service –Please serve

David Thomas and James Plausis NJ State Parole Headquarters

171 Jersey Street, Trenton, NJ 08611

Due to our catastrophic loss of freedom, property, and reputation, we respectfully request immediate review.

PLEASE NOTE: Mr. Paul Colon was sent to Southwoods State Prison before he could officially sign our civil suit. But he approves of ad wants to be a member of our Civil Rights Law Suit. Mr Colon sign the official doc

Thank you.

NEW JERSEY DISTRICT COURT

NERI, COLON, COOK

VS.

NJ PAROLE, ET AL

COUNT # 1 Plaintiffs Hold Defendants Plausis and Thomas responsible, because:

1. They participated in violating the Plaintiff's rights
2. Directed others to violate them;
3. As the person(s) in charge had knowledge of and acquiesced in their subordinate violations as by drafting the Social Network Special Condition purposely vague and ambiguous,

The Defendants allow their subordinate to violate the Plaintiff's 5TH & 14TH amendment rights to protection under the DUE PROCESS CLAUSE, as well as the VAGUENESS DOCTRINE (A BED ROCK OF CONSTITUTIONAL LAW.

Because of this blatant disrespect for Constitution Law the Defendants should not be afforded any sort of immunity.

As a Vague Law (or special condition) impermissibly delegates basis policy matters to Parole Officers, Judges, Jurors, on an 'AD HAC' and subjective basis. With The unlawful danger of arbitrary and also discriminatory applications.

So while the Defendants allowed the drafting of the unconstitutional special conditions, they allow,

1. Subordinates to decide if a site is a social network site or not.
2. Decide who gets thrown in prison or not.

Because of their vague and ambiguous drafting, the Plaintiff's have no idea before-hand what is allowed or not.

NEW JERSEY DISTRICT COURT

COUNT I: continued

By constitutional law the Plaintiff's have the right not to have to guess at the meaning, of the Special Conditions and most critically, not have to guess at which site (Legal Site) is a social network site, nor should we differ on whether or not a site is banned or not.

COUNT #2: 5th and 14th/Amendment Due Process Violations as well as issues with our 4th and 14th Amendment rights to be free from malicious prosecution and our 14th/Amendment right to be free from Arbitrary Actions of State Parole Officers.

Most articular the Plaintiffs hold both Defendants culpable because they did not provide proper guidelines for how to monitor and supervise the vague and ambiguous social network conditions, other than to revoke parole and return the plaintiff to prison for legal activities, which by modern standards are normally innocent, and done by Americans at all times. As they (Defendants) allow their subordinates to actively violate N.J.S.A.30:4-123.62.

Because their subordinate illegally state, (in order to put the Plaintiff in prison) the "Parolee poses a threat to public safety" when using a social network site is used by millions of Americans, so by nature.

The Plaintiff cannot be a "Danger to Anyone" as the defendants allow their subordinates to Violate several Due Process Laws, designed to prevent "ARBITRARY ACTIONS OF STATE PAROLE OFFICERS IN THE FORM OF VIOLATING N.J.S.A 30:-4-123.62 c (1) (2)

NEW JERSEY DISTRICT COURT

NERI, CALON, COOK

V.

N.J. PAROLE

COUNT 2: continued

As they allow to 'prevent' the Law and deny the Plaintiffs their Constitutional Due Process Right to

1. A preliminary hearing, on the street to determine
   (A) Whether there is probable cause
   (B) Whether revocation and return to custody is desirable... as the Defendant's Direct Subordinate's "Designated Board Members" have to sign the (Bogus) parole warrant. Knowing full well using a (legal) social network site is legal, and therefore does not pose a threat to PUBLIC SAFETY.

"THE MAIN REASON FOR RETURNING THE PLAINTIFF TO CUSTODY."

COUNT # 3: By drafting such a vague and ambiguous parole social networking special condition, the Defendants purposely violate the Plaintiffs, 1st amendment right to peaceably assemble "and right to freedom of speech."

As Plaintiff, Philip Neri, has Unalienable Right to post a job resume at an adult job site called Linked in and lost 12 months of his life, liberty ad property for looking for a job. A 1st Amendment Right.

Plaintiff, Douglas Cook was violated and denied a preliminary hearing for playing online video games with his adult friends.

Plaintiff, Paul Colon was violated for 3rd /party add-ons to his smart phone, which he had no control over.

Count # 3/continued

The Plaintiffs hold Defendants responsible for the purposeful drafting of the social network S.C. because of its vague and ambiguous nature it.

Unconstitutionally infringes upon the delicate 1st Amendment Rights most cherished by all Americans.

And generally most Courts when a Vague Statute unfairly regulates in the area of 1st Amendment Guarantees, the Statute will be struck down as void.

Because the Defendants allowed the drafting of the Social Network S.C. the way it is, it committed way too much discretion to Parole Officers, and it criminalizes activities which by modern standards are normally legal and innocent. As the Plaintiffs have a right, a 1st Amendment right to apply for and look for a job, play video games with adult friends, and to enjoy and legally download music and songs the Plaintiffs enjoy.

The Unconstitutional issue is both Defendants know of and approved of the drafting of the Social Network S.C. and the wanton disrespect to several N.J.S.A. 30-4-123.60. Has allowed and participated in violating in violating the Plaintiff's Bill of Rights Amendment.

So because of the following reason, we Request the following relief.

Respectfully Submitted

Philip G. Neri

Paul Colon

Douglas S. Cook

C.R.A.F. – PHILIP G. NERI Craf
C.R.A.F. – DOUGLAS S. COOK (or) 1842 YORKTOWNE BLVD.
TOMS RIVER, NJ 08753
C.R.A.F PAUL COLON 215 SOUTH BURLINGTON ROAD, BRIDGTON, NJ 08302

C.R.A.F. PO BOX 7450, WEST TRENTON, NJ 08628

April 22 ~~February 16~~, 2015

Dear Court Clerk:

We the three Plaintiffs, Philip Neri, Douglas Cook and Paul Colon are requesting Emergent Relief and hope we get approved for Informal Pauperis as quickly as possible as our constitutional rights are being totally violated.

I, Philip Neri wish to be charged for the informa Paupers, I have the official signature of Business Manager Robert Biluk along with 6 month inmate statement.

Upon review and filing of our Constitutionally backed Civil Claim, we request assignment of a Competi~~tor~~ Competent Attorney to aid and assist our cause for Justice.

We request upon filing and dockets of our Motion United States Marshall's Service –Please serve President D. Thomas / Chairman J. Plousis.

David Thomas and James Pleusis NJ State Parole Headquarters

171 Jersey Street, Trenton, NJ 08611

Due to our catastrophic loss of freedom, property, and reputation, we respectfully request immediate review. thank you

PLEASE NOTE: Mr. Paul Colon was sent to Southwoods State Prison before he could officially sign our civil suit. But he approves of ad wants to be a member of our Civil Rights Law Suit. He signed the initial official document

Thank you.

NEW JERSEY DISTRICT COURT

NERI, COLON, COOK

VS.

NJ PAROLE, ET AL

COUNT # 1 Plaintiffs Hold Defendants Plousis and Thomas responsible, because:

1. They participated in violating the Plaintiff's rights
2. Directed others to violate them;
3. As the person(s) in charge had knowledge of and acquiesced in their subordinate violations, as by drafting the Social Network Special Condition purposely vague and ambiguous,

The Defendants allow their subordinate to violate the Plaintiff's 5TH & 14TH amendment rights to protection under the DUE PROCESS CLAUSE, as well as the VAGUENESS DOCTRINE (A BED ROCK OF CONSTITUTIONAL LAW.)

Because of this blatant disrespect for Constitution Law the Defendants should not be afforded any sort of immunity.

As a Vague Law (or special condition) impermissibly delegates basis policy matters to Parole Officers, Judges, Jurors, on an 'AD HOC' and subjective basis. With The unlawful danger of arbitrary and also discriminatory applications.

So while the Defendants allowed the drafting of the unconstitutional special conditions, they allow,

1. Subordinates to decide if a site is a social network site or not.
2. Decide who gets thrown in prison or not.

Because of their vague and ambiguous drafting, the Plaintiff's have no idea before-hand what is allowed or not.

NEW JERSEY DISTRICT COURT

COUNT I: continued

By constitutional law the Plaintiff's have the right not to have to guess at the meaning, of the Special Conditions and most critically, not have to guess at which site (Legal Site) is a social network site, nor should we differ on whether or not a site is banned or not.

COUNT #2: 5th and 14th/Amendment Due Process Violations as well as issues with our 4th and 14th Amendment rights to be free from malicious prosecution and our 14th/Amendment right to be free from Arbitrary Actions of State Parole Officers.

Most Particular, the Plaintiffs hold both Defendants culpable because they did not provide proper guidelines for how to monitor and supervise the vague and ambiguous social network conditions, other than to revoke parole and return the plaintiff to prison for legal activities, which by modern standards are normally innocent, and done by Americans at all times. As they (Defendants) allow their subordinates to actively violate N.J.S.A.30:4-123.62.

Because their subordinates illegally state, (in order to put the Plaintiff in prison) the "Parolee poses a threat to public safety" when using a social network site is used by millions of Americans, so by nature,

The Plaintiff cannot be a "Danger to Anyone" as the defendants allow their subordinates to Violate several Due Process Laws, designed to prevent "ARBITRARY ACTIONS OF STATE PAROLE OFFICERS IN THE FORM OF VIOLATING" N.J.S.A 30:-4-123.62 c (1) (2)

NEW JERSEY DISTRICT COURT

NERI, CALON, COOK

V.

N.J. PAROLE

COUNT 2: continued

As they allow to 'prevent' the Law and deny the Plaintiffs their Constitutional Due Process Right to

1. A preliminary hearing, on the street to determine
   (A) Whether there is probable cause
   (B) Whether revocation and return to custody is desirable... as the Defendant's Direct Subordinate's "Designated Board Members" have to sign the (Bogus) parole warrant. Knowing full well using a (legal) social network site is legal, and therefore does not pose a threat to PUBLIC SAFETY.

"THE MAIN REASON FOR RETURNING THE PLAINTIFF TO CUSTODY."

COUNT # 3: By drafting such a vague and ambiguous parole social networking special condition, the Defendants purposely violate the Plaintiffs, 1st amendment right to peaceably assemble "and right to freedom of speech."

As Plaintiff, Philip Neri, has Unalienable Right to post a job resume at an adult job site called Linked in and lost 12 months of his life, liberty ~~ad~~ and property for looking for a job. A 1st Amendment Right.

Plaintiff, Douglas Cook was violated and denied a preliminary hearing for playing online video games with his adult friends.

Plaintiff, Paul Colon was violated for 3rd /party add-ons to his smart phone, which he had no control over.

Count # 3/continued

The Plaintiffs hold Defendants responsible for the purposeful drafting of the social network S.C. because of its vague and ambiguous nature it,

Unconstitutionally infringes upon the delicate 1st Amendment Rights most cherished by all Americans.

And generally most Courts, when a Vague Statute unfairly regulates in the area of 1st Amendment Guarantees, the Statute will be struck down as void.

Because the Defendants allowed the drafting of the Social Network S.C. the way it is, it committed way too much discretion to Parole Officers, and it criminalizes activities which by modern standards are normally legal and innocent. As the Plaintiffs have a right, a 1st Amendment right to apply for and look for a job, play video games with adult friends, and to enjoy and legally download music and songs the Plaintiffs enjoy.

The Unconstitutional issue is both Defendants know of and approved of the drafting of the Social Network S.C. and the wanton disrespect to several N.J.S.A. 30-4-123.60. Has allowed and participated in violating in violating the Plaintiff's Bill of Rights Amendments.

So because of the following reason, we Request the following relief.

Respectfully Submitted

Philip G. Neri

Paul Colon

Douglas S. Cook

# AUTHORIZATION FOR WITHDRAWAL OF FUNDS

**NOTICE TO PRISONER:** You are directed to complete the following form. Part A of the form must be returned to the Clerk. Part B of the completed form shall be returned to the prison official in charge of the prisoner account.

**PART A**

I, Philip G Neri (Name of Prisoner and Registered Number if applicable)

authorize the Clerk of the Court to obtain, from the agency having custody over me, information about my institutional account, including balances, deposits, and withdrawals. The Clerk may obtain such information until the fee and any other payments owed the Court are paid. I also authorize the agency having custody over me to withdraw funds from my account and forward payments to the appropriate Clerk of Court in accordance with 28 U.S.C. §1915 (April 26, 1996).

[signature] Signature of Prisoner

2/2/15
Date

---

**PART B**

I, Philip G Neri (Name of Prisoner and Registered Number if applicable)

authorize the Clerk of the Court to obtain, from the agency having custody over me, information about my institutional account, including balances, deposits, and withdrawals. The Clerk may obtain such information until the fee and any other payments owed the Court are paid. I also authorize the agency having custody over me to withdraw funds from my account and forward payments to the appropriate Clerk of Court in accordance with 28 U.S.C. §1915 (April 26, 1996).

[signature] Signature of Prisoner

2/2/15
Date

(Rev. 5/00)